**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JERRY NEIL ALFRED,

                Plaintiff,

v.                                      Case No.  6:05-cv-660-Orl-31KRS

LAWRENCE O'DONNELL,

                Defendant.

_____

## ORDER OF DISMISSAL

This case is before the Court on the amended civil rights complaint (Doc. No. 8) filed by Plaintiff, a prisoner of the State of Florida proceeding *pro se*, pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that, on August 20, 2004, he informed Defendant, a correctional officer at the Central Florida Reception Center, that he "wanted to participate in recreation." (Plaintiff's Amended Complaint at 9.) Plaintiff states that he had been assigned to disciplinary confinement and that Defendant escorted him to an unoccupied recreational cage and then left Plaintiff alone in the area. "Moments later, the Defendant re-emerged . . . with another prisoner," who was placed "in the same cage that Plaintiff had occupied singly despite the Plaintiff's expressed reservations for another [unoccupied] recreational cage . . . [since] Plaintiff had had major operations on both of [his] knees on August 5, 2004." *Id.* at 9. However, Defendant refused to move Plaintiff, and Defendant subsequently left the inmates alone in the area.

According to Plaintiff, he and the other inmate first got into a verbal altercation and then engaged in a physical confrontation. Plaintiff alleges that he suffered injuries as a result of the fight and that he (Plaintiff) was later "found guilty of fighting by the institution's Disciplinary Hearing Team." Plaintiff seeks monetary damages in the sum of $8,500.75, but he does not specify the damages he incurred.

"When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide

reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.), *cert. denied.* 496 U.S. 928 (1990). Mere negligence or inadvertence in failing to protect an inmate from an attack does not give rise to liability under section 1983; rather, the prison official must have been deliberately indifferent to a known danger in order for the failure to intervene to offend "evolving standards of decency," thereby rising to the level of a constitutional violation. *Id.* The known risk of injury must be "a strong likelihood" instead of a mere possibility before the prison official's failure to act can establish deliberate indifference. *Id.*

In the present case, Plaintiff has failed to allege that Defendant was aware or should have been aware of a strong likelihood that he (Plaintiff) would be assaulted. Certainly, the facts alleged by Plaintiff fail to demonstrate deliberate indifference on the part of Defendant. Plaintiff did not allege that he knew the assailant before the attack, nor did he allege that had been previously threatened or harmed by him. There is no allegation that Defendant knew or was aware of a strong likelihood of injury to Plaintiff. Further, because Defendant was not on notice that Plaintiff was in fact in danger, he was not deliberately indifferent to Plaintiff's safety, and Plaintiff's confinement was not rendered cruel and unusual. Consequently, the Court finds that this case must be dismissed as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** with prejudice.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 9, filed June 27, 2005) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 15th day of July, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/15
Jerry Neil Alfred